THE STATE OF OHIO, APPELLEE, *v.*
YOST, APPELLANT.

(No. CA86-01-005—Decided
December 22, 1986.)

*George E. Pattison,* prosecuting attorney, for appellee.
*Charles Tekulve,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the County Court of Clermont County.

On September 12, 1985, defendant-appellant, Leslie D. Yost, Jr., was charged with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1),[1] operating a motor vehicle while having a concentration of ten hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath in violation of R.C. 4511.19(A)(3),[2] and with operating a motor vehicle without reasonable control in violation of R.C. 4511.202.[3] Appellant's case was tried on November 20, 1985 in the County Court of Clermont County. He was found guilty of all three charges and was duly sentenced by the trial court.

From that judgment, appellant now timely appeals to this court and presents two assignments of error:

Assignment of Error No. 1

"The trial court erred to the substantial prejudice of the appellant by permitting the prosecuting attorney during closing argument to urge appellant's conviction as the jury's duty to society rather than by reason of proof of his guilt."

Assignment of Error No. 2

"The court below erred to appellant's prejudice by permitting, over appellant's objection, the introduction of irrelevant and highly prejudicial testimony regarding injuries suffered by Dennis Malone."

We begin with the second assigned error. By this assignment, appellant contends that the trial court erred in

---

[1] R.C. 4511.19(A)(1) provides in part:

"(A)  No person shall operate any vehicle * * * within this state, if any of the following apply:

"(1)  The person is under the influence of alcohol, or any drug of abuse, or [the combined influence of] alcohol and a drug of abuse[.]"

[2] R.C. 4511.19(A)(3) provides in part:

"(A)  No person shall operate any vehicle * * * within this state, if any of the following apply:

"* * *

"(3)  The person has a concentration of ten-hundredths of one. gram or more by weight of alcohol per two hundred ten liters of his breath[.]"

[3] R.C. 4511.202 provides in part:

"No person shall operate a motor vehicle * * * on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle * * *."

admitting into evidence the following testimony of Dennis Malone, one of the drivers involved in the three-vehicle accident of September 12, 1985:

"Q. [By the prosecuting attorney]: Were you injured in the accident itself?

"A. Yes.

"Q. What injuries did you sustain?

"Mr. Tekulve [counsel for appellant]: There's going to be an objection, Your Honor. That's immaterial to this case, as to how severely the gentleman was injured; it's got nothing to do with the case; whether he was injured or not has got nothing to do with the case.

"The Court: Overruled.

"A. I was — the extent of my injuries was — I had a lacerated or ruptured spleen, I lost three pints of blood internally as a result of that.

"Mr. Tekulve: Your Honor, I'm going to ask that — the only purpose of this is to inflame this jury, to create sympathy. The accident is over. I know the gentleman was hurt and I know he was hurt rather seriously but, really, it's got nothing to do with the case.

"The Court: Overruled. You may proceed.

"A. I had three cracked ribs. One of the ribs apparently punctured my left lung, and I had a partially collapsed left lung. I had the punctured lung, cracked ribs, a ruptured spleen which required emergency surgery, to be repaired, and blood loss.

"Q. Okay. After the accident were you transported from the scene or did you drive yourself away; what happened?

"A. I was transported by the emergency vehicle to the hospital.

"* * *"[4]

We agree with appellant that this testimony was clearly irrelevant to the issues here being tried and could not contribute anything in support of the state's case. See Evid. R. 401 and 402. Rather, the admission into evidence of this testimony, over the objection of appellant, could have no other effect than to inflame the passion of the jury and prejudice the minds of the jurors against appellant. Simply stated, Malone's testimony was immaterial to the guilt or innocence of appellant and was of such a nature as to be highly prejudicial to appellant. We therefore are of the opinion that appellant did not receive that fair and impartial trial to which he was entitled. The second assigned error is hereby sustained.

Having sustained the second assignment of error, we find the issue raised by appellant's first assignment of error to be moot.

Therefore, the assignments of error properly before this court having been ruled upon as previously set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and the cause is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

KOEHLER, P.J., JONES and NICHOLS, JJ., concur.

NICHOLS, J., of the Court of Common Pleas of Madison County, sitting by assignment in the Twelfth Appellate District.

---

[4] Additionally, we note that the substance of Malone's testimony was limited to a description of the extent of his injuries. For example, Malone could not identify appellant's vehicle as that vehicle which struck his vehicle.